IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| MICHAEL DICKINSON<br>3717 Patterson Ave<br>Richmond, VA 23221,<br><br>GERALD MORRISON<br>1545 Sacramento Street<br>Berkley, CA 94702,          and<br><br>BRADLEY CLARK<br>4124 Southeast Holgate Blvd<br>Portland, OR 97202<br><br>           Plaintiffs,<br><br>           v.<br><br>CRABS ON DECK, LLC<br>d/b/a Southern Maryland Blue Crabs<br>11765 St. Linus Drive<br>Waldorf, MD 20602,<br>           and<br>SOUTHERN MARYLAND BLUE CRABS, LLC<br>921 Childs Point Road<br>Annapolis, MD 21401<br><br>           Defendants. | Civ. Action No. |

**COMPLAINT**

Plaintiffs Michael Dickinson, Gerald Morrison, and Bradley Clark (collectively, "Plaintiffs") through their attorneys, Clark Law Group, PLLC, hereby allege as follows:

**NATURE OF ACTION**

1. This is a challenge to Defendant Crabs on Deck, LLC d/b/a Southern Maryland Blue Crabs' ("Crabs on Deck") and Defendant Southern Maryland Blue Crabs, LLC's ("the

LLC") (collectively, "Defendants") unlawful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

2. Defendants terminated Plaintiffs after engaging in protected activities in violation of the FLSA and MWHL.

3. Defendants failed to pay Plaintiffs the state minimum wage due to the systematic failure to reimburse them for out of pocket expenses for club-house maintenance.

## JURISDICTION AND VENUE

4. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5. The Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

6. Pursuant to 29 U.S.C § 255(a), this Court has subject matter jurisdiction over this civil action because this action is being brought within the two-year statute of limitations period set out in the Fair Labor Standards Act.

7. Pursuant to 29 U.S.C § 255(a), this Court has subject matter jurisdiction over this civil action because this action is being brought within the three-year statute of limitations period set out in the Fair Labor Standards Act for willful violations.

8. Pursuant to the 28 U.S.C § 1367, the Court has supplemental jurisdiction over Defendants' violations of the MWHL and MWPCL because the violations arise under the same case or controversy as the Court's subject matter jurisdiction.

9. Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-101, the Court has supplemental jurisdiction over all claims arising from actions occurring within three years of the filing of Plaintiffs' Complaint.

10. Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-102, the Court has personal jurisdiction over Defendants because they are organized under the laws of the state of Maryland.

11. Venue is appropriate pursuant to 28 U.S.C. § 1391 because Defendants conducts business in Division and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Division.

## PARTIES

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Michael Dickinson ("Mr. Dickinson") is a resident of Richmond, VA.

14. Gerald Morrison ("Mr. Morrison") is a resident of Berkley, CA.

15. Bradley Clark ("Mr. Clark") is a resident of Portland, OR.

16. Mr. Morrison and Mr. Clark are former employees of the LLC.

17. Mr. Dickinson is a former employee of Crabs on Deck.

18. Plaintiffs were employees of Defendants as defined by the FLSA, MWHL, and MWPCL.

19. Defendants are Maryland limited liability corporations.

20. Defendants are employers as defined by the FLSA, MWHL, and MWPCL.

21. The LLC is the former owner of the Southern Maryland Blue Crabs, a professional baseball team.

22. In or around September 2016, Crabs on Deck bought the Southern Maryland Blue Crabs from the LLC.

23. Crabs on Deck retained the LLC's management, staff, and continued to operate the team as the Southern Maryland Blue Crabs.

24. Crabs on Deck continued the business of the LLC.

25. Crabs on Deck is the successor to the LLC.

## FACTUAL ALLEGATIONS

26. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

27. The baseball season lasts from around April through around October in any year.

28. Defendants' stadium is located in Waldorf, MD.

29. Defendants' stadium has two clubhouses: one clubhouse for the home team and one club house for the visiting team.

30. Plaintiffs' duties consisted of taking care of needs of the teams, primarily by doing laundry multiple times per day, cleaning the clubhouse, and cooking or arranging for catering.

31. Plaintiffs' work was integral to Defendants' business.

32. Defendants required Plaintiffs to purchase cookware, plates, cups, and ingredients or pay caterers directly.

33. Defendants required Plaintiffs to purchase cleaning supplies.

34. Defendants failed to reimburse Plaintiffs for all of the expenses incurred.

35. Plaintiffs did not have the authority to hire or fire other employees or make suggestions or recommendations about as to the hiring, firing, advancement, promotion or any other change of status of other employees that Defendants gave particular weight.

36. Defendants supervised Plaintiffs and controlled the terms and conditions of their employment.

37. Defendants monitored and evaluated Plaintiffs' job performance.

38. Defendants gave Plaintiffs regular instructions on what tasks needed to be completed.

39. The MWHL requires Defendants to maintain detailed records including, among other things, the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek. *See* Md. Code Ann., Lab. & Empl. § 3-424.

40. Defendants failed to maintain detailed records of Plaintiffs hours worked.

41. At all times relevant to this action, Defendants failed to comply with the posting requirements of Md. Code Ann., Lab. & Empl. § 3-423.

## Mr. Clark's Employment

42. In April 2014, Defendant LLC hired Mr. Clark as a clubhouse manager for its visiting team clubhouse.

43. From in or around April 2015 through June 2015, the LLC paid Mr. Clark $325.00 twice each month.

44. Mr. Clark worked approximately five days per week and sixteen hours each day, or approximately eighty hours per week.

45. In or around April 2015, Mr. Clark complained to General Manager Patrick Day about having to pay for the visiting teams' food and catering when he was not getting reimbursed for it.

46. The LLC terminated Mr. Clark on or around June 7, 2015.

47. The LLC terminated Mr. Clark approximately two months after his complaint.

48. The LLC terminated Mr. Clark because of his complaint.

49. The LLC failed to pay Mr. Clark his final paycheck after his termination.

### Mr. Morrison's Employment

50. In April 2014, the LLC hired Mr. Morrison as the Director of Clubhouse Operations for Defendant's home team clubhouse.

51. Mr. Morrison did not manage any employees.

52. In addition to the above described duties, Mr. Morrison would also issue equipment to the home team.

53. From in or around April 2015 through in or around June 7, 2015, the LLC paid Mr. Morrison $730.00 twice each month.

54. From in or around June 8, 2015 through in or around October 2015, the LLC paid Mr. Morrison $1,100.00 twice each month.

55. In or around April 2016, the LLC agreed to pay Mr. Morrison $1,700.00 each month.

56. The LLC did not pay Mr. Morrison $1,700.00 each month.

57. Instead, from in or around April 2016 through May 2016, the LLC paid Mr. Morrison $700.00 twice each month, which equaled $1,400.00 each month.

58. Mr. Morrison worked approximately five days per week and sixteen hours each day, or approximately eighty hours per week, from in or around April 2015 through in or around June 7, 2015 and in or around April 2016 through his termination.

59. From in or around June 8, 2015 through in or around October 2015, Mr. Morrison worked approximately five days per week and eighteen hours each day, or approximately ninety hours per week.

60. In or around May 2016, Mr. Morrison complained to his supervisor General Manager Courtney Knichel that he was having to pay for the home team's food when he was not getting reimbursed for it.

61. Within one month of his complaint, the LLC terminated Mr. Morrison in late June 2016.

62. Defendant LLC terminated Mr. Morrison because of his complaint.

### Mr. Dickinson's Employment

63. Defendant Crabs on Deck hired Mr. Dickinson as a club house manager for both the home and away team clubhouses in or around April 7, 2017.

64. In addition to the above described duties, Mr. Dickinson would also issue equipment to the home team.

65. From in or around April 7, 2017 through August 2017, Crabs on Deck paid Mr. Dickinson $500 twice per month.

66. Mr. Dickinson worked approximately five days per week and sixteen hours each day, or approximately eighty hours per week.

67. In or around mid-August 2017, Mr. Dickinson complained to his supervisors General Manager Courtney Knichel and Director of Sales/Operations Jason Sproesser about Defendant Crabs on Deck misclassifying him as an independent contractor and that he was therefore entitled to additional compensation.

68. Mr. Dickinson was not an independent contractor.

69. Mr. Dickinson complained that, while Crabs on Deck told him that he was an independent contractor, he was being controlled like an employee he should be paid like one, including having Crabs on Deck pay for team food and catering directly so as to not take money out of his pocket.

70. Mr. Dickinson showed Ms. Knichel and Mr. Sproesser government issued publications explaining the difference between independent contractors and employees on his smartphone.

71. Ms. Knichel and Mr. Sproesser refused to address Mr. Dickinson's complaint.

72. Within several weeks of Mr. Dickinson's complaint, Crabs on Deck terminated Mr. Dickinson on September 7, 2017.

73. Crabs on Deck terminated Mr. Dickinson because of his complaint.

74. Crabs on Deck failed to pay Mr. Dickinson his final paycheck after his termination.

## **COUNT I: FAILURE TO PAY MINIMUM WAGES**

75. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

76. The LLC was required to pay Mr. Clark and Mr. Morrison at least $7.25 per hour under the then applicable Maryland minimum wage rates from January 1, 2015 through June 30, 2016.

77. Crabs on Deck were required to pay Mr. Dickinson at least $7.86 per hour under the then applicable Maryland minimum wage rate from July 1, 2017 in through his termination.

78. From in or around April 2015 through October 2015, the LLC paid Mr. Clark $325.00 twice each month, which equates to $162.50 per week.

79. Based on a regular workweek of eighty hours, Mr. Clark was paid at a rate of $2.03 per hour from in or around April 2015 through October 2015.

80. The LLC did not pay Mr. Clark at the Maryland minimum wage rate for each week he worked.

81. From in or around April 2015 through in or around June 7, 2015, the LLC paid Mr. Morrison $730.00 twice each month, which equates to $365.00 per week.

82. Based on a regular workweek of eighty hours, Mr. Morrison was paid at a rate of $4.56 per hour from in or around April 2015 through in or around June 7, 2015.

83. From in or around June 8, 2015 through in or around October 2015, the LLC paid Mr. Morrison $1,100.00 twice each month, which equates to $550.00.

84. Based on a regular workweek of ninety hours, Mr. Morrison was paid at a rate of $6.11 per hour from in or around June 8, 2015 through in or around October 2015

85. From in or around April 2016 through June 2016, the LLC paid Mr. Morrison $700.00 twice each month, which equates to $350.00 per week.

86. Based on a regular workweek of eighty hours, Mr. Morrison was paid at a rate of $4.37 per hour from in or around April 2016 through in or around June 2016.

87. The LLC did not pay Mr. Morrison at the Maryland minimum wage rate for each week he worked.

88. From in or around April 7, 2017 through August 2017, Crabs on Deck paid Mr. Dickinson $500.00 twice per month, which equates to $250.00 per week.

89. Based on a regular workweek of eighty hours, Mr. Dickinson was paid at a rate of $3.12 per hour.

90. Crabs on Deck did not pay Mr. Dickinson at the Maryland minimum wage rate for each week he worked.

91. Alternatively, during any week where Defendants may have otherwise paid Plaintiffs at the federal or state minimum wage rate, Defendants' failure to reimburse expenses for its own benefit resulted in Plaintiffs' wages to fall below the state minimum wage.

92. Crabs on Deck is the successor to the LLC and is thus liable for the LLC's violations of the MWHL and MWPCL.

## COUNT II: FAILURE TO PAY MONTHLY WAGES - MORRISON

93. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

94. In April 2016, the LLC agreed to pay Mr. Morrison at the rate of $1,700.00 per month.

95. The LLC only paid Mr. Morrison at the rate of $1,400.00 per month.

96. For the months of April 2016 through June 2016, the LLC owes Mr. Morrison approximately $900.00 in owed monthly wages.

97. The LLC did not fail to pay Mr. Morrison his promised monthly wages as the result of any bona fide dispute.

98. Crabs on Deck is the successor to the LLC and is thus liable for the LLC's violations of the MWHL and MWPCL.

## COUNT III: FAILURE TO PAY FINAL PAYCHECK – CLARK AND DICKINSON

99. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

100. The LLC terminated Mr. Clark on June 7, 2015.

101. Crabs on Deck terminated Mr. Dickinson on September 7, 2017.

102. Defendants failed to pay Mr. Clark and Mr. Dickinson their final paychecks after their terminations.

103. Defendants did not withhold Mr. Clark and Mr. Dickinson's final paychecks as the result of any bona fide dispute.

104. Crabs on Deck is the successor to the LLC and is thus liable for the LLC's violations of the MWPCL.

## COUNT IV: RETALIATION - CLARK

105. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

106. In or around April 2015, Mr. Clark complained to the LLC's General Manager about being required to pay for visiting teams' food and catering and not getting reimbursed for it.

107. The failure of an employer to reimburse expenses for the benefit of the employer to an employee so that their wages reach below the minimum wage is prohibited by the FLSA and MWHL. 29 C.F.R. §§ 531.32(c), 531.35.

108. Mr. Clark's complaint put the LLC on notice that he was making a good-faith assertion of his rights under the FLSA and MWHL.

109. Within two months of Mr. Clark's complaint, the LLC terminated Mr. Clark on June 7, 2015.

110. The LLC terminated Mr. Clark because of his complaint.

111. The LLC willfully terminated Mr. Clark because of his complaint.

112. Crabs on Deck is the successor to the LLC and is thus liable for the LLC's violations of the FLSA, MWHL, and MWPCL.

## COUNT V: RETALIATION - MORRISON

113. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

114. In or around May 2016, Mr. Morrison complained to the LLC's General Manager about being required to pay for the home team's food and not getting reimbursed for it.

115. The failure of an employer to reimburse expenses for the benefit of the employer to an employee so that their wages reach below the minimum wage is prohibited by the FLSA and MWHL.  29 C.F.R. §§ 531.32(c), 531.35.

116. Mr. Morrison's complaint put the LLC on notice that he was making a good-faith assertion of his rights under the FLSA and MWHL.

117. Within one month of Mr. Morrison's complaint, the LLC terminated Mr. Morrison in June 2016.

118. The LLC terminated Mr. Morrison because of his complaint.

119. Crabs on Deck is the successor to the LLC and is thus liable for the LLC's violations of the FLSA, MWHL, and MWPCL

## COUNT VI: RETALIATION - DICKINSON

120. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

121. In or around mid-August 2017, Mr. Dickinson complained to his supervisors about Crabs on Deck misclassifying him as an independent contractor and therefore he was entitled to additional compensation.

122. Mr. Dickinson's complaint put Crabs on Deck on notice that he was making a good-faith assertion of his rights under the FLSA and MWHL.

123. Within weeks of Mr. Dickinson's complaint, Crabs on Deck terminated Mr. Dickinson on September 7, 2017.

124. Crabs on Deck terminated Mr. Dickinson because of his complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Determine the damages sustained by Plaintiffs as a result of Defendants' willful and intentional violations of the FLSA, MWHL, MWPCL, and award unpaid wages against Defendants in favor of Plaintiffs;

B. Back pay;

C. Statutory damages pursuant to 29 U.S.C. § 216, Md. Code Ann., Lab. & Empl. § 3-427, and/or Md. Code Ann., Lab. & Empl. § 3-507.2;

D. Pre- and post-judgment interest as may be allowed by law;

E. Award Plaintiffs their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, accountants' fees, investigators' fees, experts' fees, and other associated costs; and

F. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all questions of facts raised by the Complaint.

Dated: November 11, 2017

                                              Respectfully submitted,

                                              _____/s/ Jeremy Greenberg_____
                                              Jeremy Greenberg (13671)
                                              Denise M. Clark, Esq. (17385)
                                              Clark Law Group, PLLC
                                              1250 Connecticut Ave., N.W., Suite 200
                                              Washington, D.C. 20036
                                              (202) 293-0015
                                              jgreenberg@benefitcounsel.com
                                              dmclark@benefitcounsel.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that 1) I have reviewed this Complaint; 2) Regarding the allegations of which I have personal knowledge, I believe them to be true; and 3) Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both and the foregoing is true and correct.

_____
Michael Dickinson

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that 1) I have reviewed this Complaint; 2) Regarding the allegations of which I have personal knowledge, I believe them to be true; and 3) Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both and the foregoing is true and correct.

_____
Gerald Morrison

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that 1) I have reviewed this Complaint; 2) Regarding the allegations of which I have personal knowledge, I believe them to be true; and 3) Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both and the foregoing is true and correct.

*Bradley Clark*
_____
Bradley Clark

Doc ID: 27f2221bda69a47b230d809691c144917a9bfaa6