# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **MICHAEL DICKINSON,** *et al.*, | * |
| PLAINTIFFS, | * |
| v. | *     Case No.: PWG-17-3347 |
| **CRABS ON DECK, LLC,** *et al.*, | * |
| DEFENDANTS. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

In this employment litigation, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, and related state law, Michael Dickinson, one of four Plaintiffs, has reached a settlement with the Defendant employers, Defendants Crabs on Deck, LLC d/b/a Southern Maryland Blue Crabs ("Crabs on Deck") and Southern Maryland Baseball Club, LLC (the "Club"), and executed what the parties view as a fair and reasonable release agreement ("Agreement"). ECF No. 26 (paperless order memorializing conference call). He continues to litigate his claim for attorneys' fees, however. In its pending motion to dismiss, Crabs on Deck argues that Dickinson cannot recover attorneys' fees for two reasons: because he is not a "prevailing party" and because he already received compensation for his attorneys' fees through the Agreement. Def.'s Mot. & Mem. 1.[1] Because the undisputed evidence shows that

---

[1] Crabs on Deck's Motion and Memorandum of Points and Authorities in Support to Dismiss Plaintiff Michael Dickinson's Claim for Attorneys' Fees with Prejudice, ECF No. 29, now is fully briefed, *see* ECF Nos. 31, 34. A hearing is not necessary. *See* Loc. R. 105.6.

Dickinson is not a prevailing party, I will treat Crabs on Deck's motion as one for summary judgment pursuant to Fed. R. Civ. P. 12(d) and grant it.

## Background

Plaintiffs Michael Dickinson, Gerald Morrison, Bradley Clark, and Vernon Koslow allege that their former employers, the current and former owners of the professional baseball team the Southern Maryland Blue Crabs, underpaid them, in violation of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* Am. Compl., ECF No. 6. Morrison, Clark and Dickinson also claim that Defendants retaliated against them, in violation of the FLSA and the MWHL. *Id.* Morrison, Clark and Dickinson filed suit on November 11, 2017, ECF No. 1, and Koslow joined the suit when they amended their pleading on December 19, 2018, Am. Compl. 1.

Shortly thereafter, on January 3, 2018, Dickinson and Crabs on Deck signed a settlement agreement ("Agreement"), releasing Crabs on Deck "and the Atlantic League of Professional Baseball Clubs, Inc. ('ALPB') and any and all Member Clubs . . . their agents, employees, successors and assigns and their respective heirs, personal representatives, affiliates, and any and all persons, firms or corporations liable or who might be claimed to be liable" from all of the claims Dickinson brought in this litigation, as well as those "arising from" it. Agr., ECF No. 29-4. Specifically, it settled all of Dickinson's claims "arising out of or in any way relating to any and all employment or wage claims, injuries and damages of any and every kind, to both person and property, and also any and all injuries and damages that may develop in the future, as a result of or in any way relating to [his] employment with the Southern Maryland Blue Crabs and the ALPB." *Id.* The Agreement stated that Dickinson received $3,500 "in full and complete

settlement and satisfaction of the causes of action, claims and demands mentioned [in the Agreement." *Id.* It required Dickinson to "withdraw and remove any written claims, suits, pleadings, protests or complaints" in any way related to his employment. *Id.*

On February 22, 2018, I held a pre-motion conference call with regard to Crabs on Deck's request to file a motion to dismiss Dickinson's claims based on the Agreement, ECF No. 18. ECF No. 26. I noted that the parties did not dispute that the Agreement was executed and was a fair release of all of Dickinson's claims.[2] *Id.* I set a schedule for Crabs on Deck to file a motion to dismiss Dickinson's claim for attorney's fees. *Id.* The motion now is ripe for resolution.

## **Standard of Review**

Along with its Motion and Memorandum, Crabs on Deck filed the Agreement, ECF No. 29-4, as well as an affidavit from Courtney Knichel, General Manager of the Southern Maryland Blue Crabs, ECF No. 29-1; a December 30, 2017 email from Dickinson to Knichel ("Email"), ECF No. 29-2; a January 2, 2018 email chain between Dickinson and Knichel, ECF No. 29-3; and a copy of the $3,500.00 settlement check, ECF No. 5. Dickinson also filed exhibits, attaching a news article about this litigation, ECF No. 31-1; affidavits from Plaintiffs' attorneys,

---

[2] While the FLSA requires "compromises of FLSA back wage or liquidated damages claims" to be approved by the District Court in determining whether a settlement is fair and reasonable, the Court does not need to review parties' settlements of other FLSA claims that do not relate to back pay or liquidated damages. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Saint-Preux v. Kiddies Kollege Christian Ctr., Inc.*, No. PWG-16-3276, 2017 WL 2693484, at *1 (D. Md. June 21, 2017) (quoting *Lynn's*); *Galvez v. Americlean Servs. Corp.*, No. 1:11CV1351 (JCC/TCB), 2012 WL 2522814, at *4 n.4 (E.D. Va. June 29, 2012) ("The Court need not engage in an in-depth review of the parties' settlement of [an FLSA] retaliation claim, provided its terms do not contaminate the settlement of claims relating to unpaid overtime and unpaid wages."). Here, Dickinson's only FLSA claim was for retaliation; he claimed unpaid wages under state law only. *See* Am. Compl.

3

Jeremy Greenberg and Denise Clark, ECF No. 33, at 1, 3; and March 13, 2018 emails between Greenberg and Dickinson, ECF No. 33, at 6.[3] Accordingly, as both parties have filed their briefs along with evidence that is not integral to the Amended Complaint, they are on notice that I may treat the pending motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Ridgell v. Astrue*, DKC-10-3280, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012). Because I consider this evidence in resolving the motion before me, I will convert it to one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Ridgell*, 2012 WL 707008, at *7.

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). I view the facts in the light most favorable to Dickinson as the party opposing summary

---

[3] Plaintiffs' counsel, "out of an abundance of caution," filed a Motion to Seal the affidavit "to ensure compliance with the Maryland Attorney's Rules of Professional Conduct and the local rules governing professional conduct enforced by this Federal Court." ECF No. 32. In the Motion, counsel noted that "Mr. Dickinson has granted his written consent to the disclosure of the information." *Id.* Additionally, Dickinson waived the attorney–client privilege with respect to his communications with his attorneys regarding settlement by putting at issue his attorneys' role in negotiating the Agreement. *See Bittaker v. Woodford*, 331 F.3d 715, 718, 720 (9th Cir. 2003). Accordingly, there is no reason to justify the sealing, and therefore the motion, ECF No. 32, IS DENIED. *See* Loc. R. 105.11(a).

judgment. *See Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003); *Lynn v. Monarch Recovery Mgmt., Inc.*, No. WDQ-11-2824, 2013 WL 1247815, at *1 n.5 (D. Md. Mar. 25, 2013).

## **Discussion**

According to Crabs on Deck, "Plaintiff Dickinson is not entitled to receive an award of his counsel's fees and costs because he is not a 'prevailing party' for purposes of fee-shifting under the [FLSA], 29 U.S.C. § 216(b)." Def.'s Mot. & Mem. 1. Pursuant to § 216(b), "[t]he court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see Smith v. Touching Angels Healthcare, Inc.*, No. RDB-17-673, 2018 WL 1035769, at *5 (noting that "[t]he FLSA . . . require[es] attorneys' fees awards to prevailing parties, but this Court must still determine a reasonable amount"). But, the Court has not awarded any judgment to Dickinson; he and Crabs on Deck signed a settlement agreement. And, unlike instances where the Court refers the case to a Magistrate Judge to initiate court-ordered (and supervised) settlement discussions that result in a settlement, here the parties reached a settlement agreement without any assistance by, or knowledge of, the Court.

Indeed, for a plaintiff "to be 'considered a "prevailing party" there must be a "material alteration of the legal relationship of the parties," and there must be "judicial *imprimatur* on the change."'" *Price v. Berman's Auto., Inc.*, No. 14-763-JMC, 2016 WL 4805570, at *2 (D. Md. Sept. 13, 2016) (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 318 (4th Cir. 2008) (citing *Buckhannon*, 532 U.S. at 604–05)). Certainly, when a court approves a settlement agreement, "there is [a] judicially sanctioned change in the legal relationship of the parties," such that the plaintiff qualifies as a prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001); *see also id.* at 604 ("In addition to judgments on

5

the merits, we have held that settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees." (citing *Maher v. Gagne*, 448 U.S. 122 (1980)); *Price*, 2016 WL 4805570, at *3 ("*Buckhannon* 'established a bright-line boundary on what constitutes "relief on the merits" of a particular claim: *only* "enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees."' *Hardt v. Reliance Standard Life Ins. Co.*, 336 Fed. Appx. 332, 335 (4th Cir. 2009), (*rev'd on other grounds*) (citing *Buckhannon* 560 U.S. at 242); see also *Goldstein v. Moatz*, 445 F.3d 747, 751 (4th Cir. 2006) ('in *Buckhannon*, the Court instructed the lower courts that only enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees') (internal citations omitted).").

Here, given that Dickinson's FLSA claim was for retaliation, not unpaid wages or liquidated damages, the parties did not need to (and indeed did not) seek Court approval. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Saint-Preux v. Kiddies Kollege Christian Ctr., Inc.*, No. PWG-16-3276, 2017 WL 2693484, at *1 (D. Md. June 21, 2017); *Galvez v. Americlean Servs. Corp.*, No. 11CV1351 (JCC/TCB), 2012 WL 2522814, at *4 n.4 (E.D. Va. June 29, 2012). Thus, there is no Court order confirming the resolution of Dickinson's claims, and consequently, Dickinson does not qualify as a prevailing party. *See Buckhannon*, 532 U.S. at 604–05 (holding that "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" does not qualify as a "prevailing party" for purposes of a statutory attorneys' fees award); *Price*, 2016 WL

4805570, at *3. Therefore, Dickinson cannot prevail on his claim for attorneys' fees as a matter of law.

## **ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this 16th day of October, 2018, hereby ORDERED that

1. Plaintiffs' Motion to Seal, ECF No. 32, IS DENIED, and
2. Crabs on Deck's motion, ECF No. 29, treated as a motion for summary judgment, IS GRANTED.

                /S/
      Paul W. Grimm
      United States District Judge

lyb