**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **GERALD MORRISON,** *et al.*, | * |
| PLAINTIFFS, | * |
| v. | Case No.: PWG-17-3347 |
| **CRABS ON DECK, LLC,** *et al.*, | * |
| DEFENDANTS. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Remaining Plaintiffs Gerald Morrison, Bradley Clark, and Vernon Koslow[1] claim that their former employers, Defendants Southern Maryland Baseball Club, LLC (the "Club") and its successor Crabs on Deck, LLC d/b/a Southern Maryland Blue Crabs ("Crabs on Deck"), failed to pay them minimum wages, in violation of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment Collection Law ("MWPCL"), Lab. & Empl. § 3-501 *et seq.* Am. Compl. Counts I–III, ECF No. 6. Clark (in Count IV) and Morrison (in Count V) also claim that the Club retaliated against them, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, and the MWHL by terminating their employment within two months after they complained about their underpayment. Am. Compl. ¶¶ 118–34. They assert that Crabs on Deck, as the Club's successor, is liable for the Club's statutory violations. *Id.* ¶¶ 126, 134.

---

[1] Plaintiff Michael Dickinson has reached a settlement agreement with Defendants and no longer is a part of this litigation. *See* Oct. 17, 2018 Mem. Op. & Order, ECF No. 44 (dismissing Dickinson's claim for attorney's fees).

Crabs on Deck filed an Answer. ECF No. 16. The Club did not file an answer or otherwise respond to Plaintiffs' pleadings, and the Clerk entered an Order of Default (but not a default judgment) as to the Club. ECF No. 30.[2] Now, having completed limited discovery regarding successor liability, Crabs on Deck moves for judgment on the pleadings,[3] pursuant to Fed. R. Civ. P. 12(c), on the retaliation claims (Counts IV and V). ECF No. 39. It insists that, "regardless of whether . . . Defendant Crabs on Deck is the 'successor' to Defendant Southern Maryland Baseball Club, LLC under the FLSA," Morrison and Clark, as exempt seasonal employees, cannot bring any FLSA claims and that there is not private cause of action for MWHL retaliation.[4] Pre-mot. Ltr. 3, ECF No. 35-1. Morrison and Clark concede that they are

---

[2] The claims against Crabs on Deck arise from the same events as the claims against the Club and only differ in that they are based on the allegation that Crabs on Deck is the successor in liability to the Club. Therefore, given that the entry of default against the Club preceded any determination of liability on the part of Crabs on Deck, Plaintiffs could not seek a default judgment against the Club while the claims against Crabs on Deck were pending. 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2690 (3d ed.) (noting that, as a general rule, "when an action is brought against several defendants, charging them with joint liability," judgment cannot be entered against a defendant "until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted") (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)); *see also United States for Use of Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967) (finding that the "procedure established for multiple defendants by Rule 54(b) [pertaining to judgments] is . . . applicable not only to situations of joint liability but to those where the liability is joint and/or several").

[3] Defendant filed its motion as one for partial judgment on the pleadings or, alternatively, for summary judgment, offering evidence that Plaintiffs are seasonal employees, exempt from FLSA minimum wage requirements. Def.'s Mot. & Mem. 1, ECF No. 39. After Plaintiffs filed an Opposition noting that "Plaintiffs don't dispute" that they "were seasonal employees," Pls.' Opp'n 5, ECF No. 40, Defendant asserted that its motion can be decided as a Rule 12(c) motion. Def.'s Reply 4 n.3, ECF No. 41. A hearing is not necessary. *See* Loc. R. 105.6.

Crabs on Deck attempts to augment its argument in support of its Motion to Dismiss Dickinson's claim for attorney's fees (ECF No. 29) in a footnote to its Reply, *see* Def.'s Reply 1 n.1. The reply brief for a motion is not a proper vehicle for supplementing a separate, already fully-briefed motion. Accordingly, I will disregard this footnote and deny as moot Plaintiffs' Motion to File a Surreply, ECF No. 42, in response to this footnote.

[4] Crabs on Deck initially also moved for judgment on Count I (failure to pay minimum wages, in violation of the MWHL and MWPCL), insofar as Plaintiffs claimed FLSA violations in Count I.

exempt employees and that they did not seek minimum wages pursuant to the FLSA. As explained below, in light of this concession they could not complain (either to the Club or Crabs on Deck) in good faith about their FLSA-protected rights, and therefore, they did not engage in protected activity under the FLSA. Accordingly, I will grant Crabs on Deck's motion and enter judgment in Defendants' favor as to the FLSA retaliation claims. Additionally, I will dismiss the FLSA retaliation claims against the Club, which fail to state a claim for the same reasons. And, while Plaintiffs cannot state a claim for MWHL retaliation, they do, however, state a claim for wrongful discharge, and Crabs on Deck's motion for judgment will be denied as to the state law claims in Counts IV and V. Therefore, this Court will continue to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a).

**Background**

The Club, which owned the Southern Maryland Blue Crabs, a professional baseball team, hired Clark and Morrison in April 2014. Am. Compl. ¶ 22. Clark worked as a clubhouse manager for the Club's visiting team clubhouse, and Morrison worked as the Director of Clubhouse Operation. *Id.* ¶¶ 42, 50. They worked between April and October each year. *Id.* ¶¶ 43–44, 46, 53–54, 57–59, 61.

Clark and Morrison complained to their general managers when the Club failed to reimburse them for their out-of-pocket expenses for food (and, in Clark's case, catering) in the clubhouses. *Id.* ¶¶ 45, 60, 119, 128. They claim that the effect of the Club's failure to reimburse them for "expenses for the benefit of the employer" was that they received less than minimum wage, in violation of the FLSA and MWHL, and their "complaint[s] put the [Club] on notice that

---

Def.'s Mot. & Mem. 9–12. Plaintiffs do not include an FLSA claim in Count I, however, *see* Am. Compl. ¶¶ 82–105; Pls.' Opp'n 1, which Defendant now recognizes, Def.'s Reply 1 n.1. Accordingly, Defendant's motion is denied as moot as to Count I.

3

[they] w[ere] making . . . good-faith assertion[s] of [their] rights under the FLSA and MWHL." *Id.* ¶¶ 120–21, 129–30. Yet they concede that they "do not and have not claimed they are entitled to minimum wages under the FLSA," noting that they "[i]nstead . . . allege they are owed minimum wages at the *Maryland* minimum wage rate, not the FLSA rate." Pls.' Opp'n 5 (citing Am. Compl. ¶¶ 1, 88, 95, 100, 104). The Club terminated Clark's employment within two months of his complaint, Am. Compl. ¶ 122; Morrison's employment was terminated within one month of his complaint, *id.* ¶ 131.

Crabs on Deck purchased the Southern Maryland Blue Crabs from the Club in September 2016, "retain[ing] the [Club's] management, staff" and "continu[ing] to operate the team as the Southern Maryland Blue Crabs." *Id.* ¶¶ 23–25.

## **Standard of Review**

The same standard applies to Rule 12(c) motions for judgment on the pleadings as to Rule 12(b)(6) motions to dismiss for failure to state a claim. *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). Thus, the Court determines "the sufficiency of a complaint" without "resolv[ing] contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering the sufficiency of the pleadings. Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79; *see also*

*Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## **Discussion**

### *FLSA Retaliation Claims*

The FLSA requires that employees receive minimum wage, 29 U.S.C. § 206(a), and it creates a cause of action for retaliation for employees whose employment is terminated in response to their complaints about a failure to pay minimum wage, 29 U.S.C. § 215(a)(3). Specifically, it is "unlawful for any person . . . to discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to th[e] [FLSA] . . . ." 29 U.S.C. § 215(a)(3). To state a claim for FLSA retaliation, a plaintiff must allege that "(1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008).

This "retaliation provision . . . . effectuates enforcement of the Act's substantive provisions by removing 'fear of economic retaliation' so that employees need not 'quietly . . . accept substandard conditions.'" *Id.* (quoting *Mitchell v. Robert De Mario Jewelry, Inc.,* 361 U.S. 288, 292 (1960)). Courts "must interpret the retaliation provision 'bearing in mind the Supreme Court's admonition that the FLSA "must not be interpreted or applied in a narrow, grudging manner."'" *Id.* (quoting *Ball v. Memphis Bar-B-Q Co.,* 228 F.3d 360, 364 (4th Cir. 2000) (quoting *Tenn. Coal, Iron & R.R. v. Muscoda Local No. 123,* 321 U.S. 590, 597 (1944))).

That said, the FLSA does not apply to all employees, and one of the exemptions—for seasonal, recreational employees—applies to Morrison and Clark. Def.'s Mot. & Mem. 2; Pls.' Opp'n 5. Morrison and Clark neither allege nor argue that the FLSA's minimum wage laws apply to them. Pls.' Opp'n 5–6 ("Plaintiffs Do Not Assert They Are Owed Minimum Wages Under the FLSA."); *see* Am. Compl. ¶¶ 83, 88, 95, 105 (referring to "the Maryland minimum wage rate" and alleging Crabs on Deck's liability for the Club's "violations of the MWHL and MWPCL"). Nonetheless, they insist that their complaints to their managers were protected activity under the FLSA, which, they contend, "protects 'any person' from retaliation." Pls.' Opp'n 6.

Not quite. The FLSA protects "any *employee*" from retaliation by "any *person*," but only if "such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to th[e] [FLSA]. . . ." 29 U.S.C. § 215(a)(3). Significantly, not "every instance of an employee 'letting off steam' to his employer constitutes protected activity"; rather, "'the statute requires fair notice' to employers." *Minor v. Bostwick Labs., Inc.*, 669 F.3d 428, 439 (4th Cir. 2012) (discussing "'degree of formality' . . . required for an employee complaint to constitute protected activity") (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). The Court considers whether an employee's "complaint to her [or his] employer was 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" *Id.* (quoting *Kasten*, 563 U.S. at 14).

Here, the formality of Plaintiffs' complaints to their general managers is not at issue. What is at issue is whether the complaints constituted protected activity and gave the Club "fair notice" that Plaintiffs were asserting their FLSA rights. Plaintiffs insist that, according to the

6

Amended Complaint, they were "asserting their rights that are protected by statute," because, in their view, "[e]mployees are protected from retaliation by the FLSA, notwithstanding whether an employee is actually entitled to any right to any minimum wages under the statute." Pls.' Opp'n 5. They rely on *Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550 (5th Cir. 1966). There, the Fifth Circuit's entire analysis (which is not controlling authority) was as follows:

> It is clear that the district court erred in holding that Adrian Johnson's discharge was not in violation of Section 15(a)(3). Unlike the wage and hour provisions of Sections 6 and 7 of the Act, which apply only to an 'employee * * * engaged in commerce or in the production of goods for commerce,' the protections of Section 15(a)(3) apply, without qualification, to 'any employee.' The prohibitions of Section 15(a)(3) are similarly unlimited, for they are directed to 'any person.' Thus the clear and unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the Act's wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.

*Wirtz*, 367 F.2d at 550–51 (5th Cir. 1966) (footnotes omitted).

I agree that the employee need not "be engaged in activities covered by the Act's wage and hour provisions in order for the strictures against discriminatory discharge to be invoked." *See id.* But the protections are not "without qualification." *See id.* Rather, the plain language of the statute requires that, for the employer to be liable, the employee must have "filed a[] complaint or instituted or caused to be instituted any proceeding *under or related to this chapter*," i.e., the FLSA. 29 U.S.C. § 215(a)(3) (emphasis added).

In this regard, *Randolph v. ADT Sec. Servs., Inc.*, 701 F. Supp. 2d 740 (D. Md. 2010), provides insightful guidance. There, the plaintiffs "complained to the Maryland Department of Labor, Licensing and Regulation ('DLLR') that ADT was refusing to pay Plaintiffs compensation that Plaintiffs believed was owed to them, including overtime compensation Plaintiffs believed they were due because they worked more than forty hours per week." *Randolph*, 701 F. Supp. 2d at 742. ADT suspended and then terminated the plaintiffs, and they

7

filed suit in this Court, claiming, *inter alia*, retaliation in violation of § 215(a)(3). *Id.* at 743. The defendants moved to dismiss on the basis that "Plaintiffs were excluded from coverage under § 215(a)(3) because, as commission-based employees, they were excluded from the Maryland Wage and Hour Law's coverage and so were not eligible to file a 'complaint.'" *Id.* at 744. The Court disagreed, concluding that the plaintiffs "properly alleged that they engaged in an activity protected by the FLSA by filing a *good-faith complaint* with DLLR," reasoning that they "filed the complaint because they had the *reasonable belief* that they had been misclassified as commission-based employees and that they had been inadequately compensated for overtime work that they performed for Defendant." *Id.* at 746 (emphases added).

In *Hardison v. Healthcare Training Solutions, LLC*, I considered *Randolph* and observed that "an employee who is not eligible for protection under the FLSA's minimum wage or overtime provisions nonetheless may state a claim under the retaliation provision, *provided that the employee files a good-faith complaint, based on a reasonable belief that she is entitled to minimum wage or overtime compensation*, that puts the employer on notice that she is asserting rights under the FLSA." No. PWG-15-3287, 2016 WL 4376725, at *4 (D. Md. Aug. 17, 2016) (emphasis added) (citing *Kasten*, 563 U.S. at 14; *Randolph*, 701 F. Supp. 2d at 746). On that basis, I reasoned that Hardison could not state an FLSA retaliation claim simply by alleging that she "complained to Defendants," but rather only could state a claim if she "had a good faith basis for her complaints, and the complaints . . . put Defendants on notice that Plaintiff sought to assert an FLSA claim." *Id.* (citing *Kasten*, 563 U.S. at 14; *Randolph*, 701 F. Supp. 2d at 746). I noted that Hardison did "not explicitly reference the FLSA," and it was "unclear whether she asserted that Defendants failed to pay her minimum wages, an assertion that would invoke FLSA protection, or that they simply failed to pay her correctly, which only would be an assertion of

8

contractual rights." *Id.* Nor was it clear "whether she reasonably believed that she was entitled to minimum wages when she complained to Defendants." *Id.* I concluded that her complaint was subject to dismissal but afforded her the opportunity to amend. *Id.*

Indeed, Morrison and Clark acknowledge that an employee stating an FLSA retaliation claim "must show that [they] made a good faith assertion of [their] rights." Pls.' Opp'n 9 (quoting *Randolph*, 701 F. Supp. 2d at 746 (emendations in Opp'n)); *see also id.* at 10. But, they fail to reconcile their knowledge that they were not entitled to minimum wages under the FLSA with their insistence that their complaints nonetheless were made in good faith. Because Morrison and Clark did not believe they were entitled to minimum wages under the FLSA, their complaints could not be made in good faith under the FLSA. Consequently, they simply did not engage in any protected activity so as to state a claim for FLSA retaliation against either the Club or Crabs on Deck. *See Hardison*, 2016 WL 4376725, at *4; *Randolph*, 701 F. Supp. 2d at 746; *see also Schmidt v. Bartech Grp., Inc.*, 119 F. Supp. 3d 374, 382 (E.D. Va. 2014) ("[B]ecause Plaintiff was exempt and therefore not entitled to overtime [under the FLSA], . . . he cannot claim retaliation from the denial of overtime.").

Further, given that Morrison and Clark did not believe that their FLSA rights had been violated, they cannot argue in good faith that their complaints—which did not mention the FLSA—provided "fair notice" to the Club that they were "asserting rights under the FLSA," as opposed to only asserting rights under the MWHL. *See Minor*, 669 F.3d at 439; *Hardison*, 2016 WL 4376725, at *4; *see also Schmidt*, 119 F. Supp. 3d at 382 (concluding that plaintiff "fail[ed] to state a *prima facie* case for retaliation" where plaintiff's complaint "could not reasonably be interpreted as putting [his employer] on notice" because "Plaintiff d[id] not mention the FLSA"). Consequently, Crabs on Deck entitled to judgment on Plaintiffs' FLSA retaliation claims. *See*

9

*Minor*, 669 F.3d at 439; *Hardison*, 2016 WL 4376725, at *4; *Randolph*, 701 F. Supp. 2d at 746. Additionally, given that Plaintiffs fail to state a claim for retaliation under the FLSA against the Club for these same reasons, Plaintiffs' FLSA retaliation claims against the Club are dismissed. *See Lewis v. Maryland*, No. PWG-17-1636, 2018 WL 1425977, at *3 (D. Md. Mar. 22, 2018) (noting that "it is well established that a Court has broad inherent power to dismiss an action, or part of an action, which is frivolous, and may exercise its discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that a plaintiff lacks standing, that subject matter jurisdiction does not exists, or that a case fails to state a claim" (citing *Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296, 307–08 (1989); *Ross v. Baron,* 493 F. App'x 405, 406 (4th Cir. 2012))).

*State Law Retaliation Claims*

Plaintiffs also claim retaliation in violation of the MWHL in Counts IV and V. The Maryland statute provides that "employees cannot be fired in retaliation for complaining about unfair wage practices," but it does not provide a "private cause of action for employees against their employers if they are *discharged for complaining about* unlawful wage practices." *Cellitto v. Semfed Mgmt., Inc.*, No. RDB-06-1794, 2007 WL 1725442, at *5 (D. Md. June 12, 2007) (citing Lab. & Empl. § 3-427, 3-428). Plaintiffs do not offer any authority to the contrary. Rather, they assert that they "misnam[ed] their cause of action," insisting that "they have sufficiently stated a claim of relief of retaliatory discharge under Maryland common law." Pls.' Opp'n 11. According to Plaintiffs, "this Court has expressly held that employees may also pursue wrongful discharge claims under Maryland law for complaints that are protected under the MWHL." *Id.* at 5. And, they contend that "a mislabeled cause of action is not a ground for dismissal." *Id.* at 11.

It is true that "[l]egal labels characterizing a claim cannot, standing alone, determine whether it fails to meet th[e] extremely modest standard" of Rules 8(a)(2) and 12(b)(6). *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995). The Fourth Circuit has stated:

> Even where such a label reflects a flat misapprehension by counsel respecting a claim's legal basis, dismissal on that ground alone is not warranted so long as any needed correction of legal theory will not prejudice the opposing party. *See generally* 5 C. Wright & A. Miller, *Federal Practice & Procedure,* § 1219, at 193–94 (2d ed. 1990) (footnotes omitted). All that is required is that the pleaded claim afford "the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Burlington Industries, Inc. v. Milliken & Co.,* 690 F.2d 380, 390 (4th Cir.1982) (quoting Wright & Miller).

*Id.* Nonetheless, a party seeking to avoid dismissal of a claim by arguing that the claim is mislabeled must have stated a claim under the new legal theory it identifies. *See Hanley v. Doctors Exp. Franchising, LLC*, No. ELH-12-795, 2013 WL 690521, at *20 (D. Md. Feb. 25, 2013) (dismissing count labeled "constructive fraud," despite plaintiffs' argument that it was a negligent misrepresentation claim, because the count "d[id] not contain any language suggesting the elements of negligent misrepresentation"). Crabs on Deck counters that "Plaintiffs' complaint is devoid of any recitation of the elements and facts that would support a common law wrongful termination cause of action." Def.'s Reply 9.

To state a claim for wrongful termination under Maryland law, a plaintiff must allege that (1) the employer terminated his or her employment, (2) "the basis for the employee's discharge . . . violate[d] some clear mandate of public policy," and (3) there was "a nexus between the employee's conduct and the employer's decision to fire the employee." *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (Md. 2002); *see Watson v. ADT, LLC*, No. PX-18-48, 2018 WL 3122456, at *2 (D. Md. June 26, 2018) (citing *Wholey*). "Terminations in violation of public policy are narrowly circumscribed and 'limited to situations where the employee has been

11

terminated for exercising a specific legal right or duty or where the employee has been fired for refusing to violate the law or the legal rights of a third party.'" *Watson*, 2018 WL 3122456, at \*2 (quoting *Silvera v. Home Depot U.S.A., Inc.,* 189 F. Supp. 2d 304, 309–10 (D. Md. 2002)). Thus, "[t]he plaintiff must 'specifically identify the clear mandate of Maryland public policy that was violated by his termination.'" *Id.* (quoting *Terry v. Legato Sys., Inc.,* 241 F. Supp. 2d 566, 569 (D. Md. 2003) (quoting *Szaller v. Am. Nat. Red Cross*, 293 F.3d 148, 151 (4th Cir. 2002))).

Here, Morrison and Clark allege that the Club terminated their employment, that it did so because they complained about its failure to pay them minimum wage, and that it was a violation of the MWHL to terminate them on that basis. *See* Am. Compl. ¶¶ 119–23, 128–32. Thus, the issue is whether it violated a "clear mandate of public policy" to terminate them for complaining about failure to pay them minimum wage. *See Wholey v*, 803 A.2d at 489. A public policy's mandate is clear if it is "reasonably discernible" from a state statute. *Paunovic v. Genesis Healthcare, LLC*, No. ELH-17-2448, 2018 WL 3439263, at \*6 (D. Md. July 17, 2018) (quoting *Wholey*, 803 A.2d at 491).

> Because the purpose of the tort is to "provide a remedy for *otherwise unremedied* violations of public policy," [*Porterfield v. Mascari II, Inc.,* 823 A.2d 590, 602 (Md. 2003)] (emphasis added), the tort is not viable if the statutes that establish the public policy at issue "already provide an adequate and appropriate civil remedy for the wrongful discharge." *Id.* In other words, wrongful discharge is a supplementary tort limited "to cases where an employee's termination contravened a clear mandate of public policy and not to allow the cause of action would leave the employee without a remedy." *Newell,* 407 Md. at 647, 967 A.2d at 769; *see Molesworth v. Brandon,* 341 Md. 621, 672 A.2d 608 (1996).

*Id.*

The MWHL requires that employers pay their employees minimum wage, and it provides that "[a]n employer may not . . . take adverse action against an employee because the employee . . . makes a complaint that the employee has not been paid in accordance with th[e] [MWHL]."

Lab. & Empl. § 3-428(b)(1)(iii)(1); *see also id.* § 3-428(b)(2)(i) (noting that prohibited adverse actions include discharge). This is a clear mandate of Maryland's public policy against firing employees for complaining that they are not being paid minimum wage. Moreover, while the statute provides for a criminal penalty—"A person who violates any provision of [§ 3-428] is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $1,000," *id.* § 3-428(d)—it does not provide for a private cause of action, *see id.*; *Cellitto*, 2007 WL 1725442, at *5. Thus, the statute does not "already provide an adequate and appropriate civil remedy for the wrongful discharge." *Paunovic*, 2018 WL 3439263, at *6 (quoting *Porterfield,* 823 A.2d at 602). If Plaintiffs could not pursue this wrongful discharge claim, they would be left "without a remedy." *Id.* (quoting *Newell,* 967 A.2d at 769). Accordingly, Plaintiffs have stated a claim for wrongful discharge. *See id.*; *Wholey*, 803 A.2d at 491. Further, given that their pleadings "afford 'the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved,'" the relabeling of their state law retaliation claims as wrongful discharge claims "will not prejudice the opposing party." *Labram*, 43 F.3d at 920 (quoting *Burlington Indus.,* 690 F.2d at 390). Accordingly, Counts IV and V are relabeled as wrongful discharge claims under Maryland law, and Crabs on Deck is not entitled to judgment on these claims.

*Remaining Claims*

In addition to the wrongful discharge claims in Counts IV and V, the remaining claims are for failure to pay minimum (Count I) and monthly (Count II) wages and final paychecks (Count III), in violation of the MWHL and MWPCL. Because these claims may be meritorious and the statute of limitations has run as to some of the claims, *see* Cts. & Jud. Proc. § 3-501, this

Court will continue to exercise supplemental jurisdiction over these state law claims. *See* 28 U.S.C. § 1367(a).

**ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this 19th day of October, 2018, hereby ORDERED that

1. Plaintiffs' Motion to File a Surreply, ECF No. 42, IS DENIED;

2. Defendant Crabs on Deck, LLC's Motion for Judgment on the Pleadings, ECF No. 39, IS GRANTED IN PART AND DENIED IN PART;

3. Judgment IS ENTERED in Crabs on Deck's favor on Plaintiffs' FLSA retaliation claims in Counts IV and V;

4. Plaintiffs' FLSA retaliation claims against the Club in Counts IV and V ARE DISMISSED with prejudice;

5. The motion IS DENIED AS MOOT as to Count I, which does not state an FLSA claim;

6. The motion IS DENIED as to the wrongful termination claims in Counts IV and V, which were mislabeled as MWHL retaliation claims; and

7. The parties WILL PROPOSE jointly by November 6, 2018 a revised scheduling order for the discovery that remains in this case. The proposed scheduling order will provide new dates for all of the dates listed in ECF No. 24 and require a status report (and, if appropriate, pre-motion letter) complying with § 3 of ECF No. 24.

/S/
Paul W. Grimm
United States District Judge

lyb