IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **MICHAEL DICKINSON**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No.: PWG-17-3347 |
| **CRABS ON DECK, LLC** *et al.*, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Michael Dickinson, Gerald Morrison, Bradley Clark, and Vernon Koslow filed suit against their former employers, Defendants Crabs on Deck, LLC d/b/a Southern Maryland Blue Crabs ("Crabs on Deck") and Southern Maryland Baseball Club, LLC (the "Club"), claiming that they were underpaid, in violation of state and federal employment law. Compl., ECF No. 1; Am. Compl., ECF No. 6. Dickinson reached a settlement with Defendants, after which I granted Defendants' motion for summary judgment as to Dickinson's claim for attorney's fees. Oct. 17, 2018 Mem. Op. & Order 1–2, ECF No. 44. That concluded Dickinson's role in this litigation.

I then granted summary judgment in Crabs on Deck's favor as to the remaining Plaintiffs' claims for retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, and dismissed the remaining Plaintiffs' FLSA retaliation claims against the Club. Oct. 19, 2018 Mem. Op. & Order 3, ECF No. 45. I also dismissed their claims for retaliation under state statutory law but noted that Plaintiffs stated a claim for wrongful discharge under state common law. I denied the motion as to the wrongful discharge claim and remaining state statutory law claims. *Id.* at 3, 13.

Dickinson then asked the Court to issue "a final judgment on the entry of summary judgment against him pursuant to Fed. R. Civ. P. 54(b)," Pl.'s Mot. 1, ECF No. 53, and that motion now is ripe. *See* Def.'s Resp., ECF No. 54; Pl.'s Reply, ECF No. 55. A hearing is not necessary. *See* Loc. R. 105.6. Because Dickinson has not shown any "pressing need[]" that would outweigh the burden of two separate appeals, his motion will be denied. *See Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).

## Discussion

The Court may "enter final judgment as to one or more but fewer than all claims in a multiclaim action" pursuant to Rule 54(b), which "allows the district court to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). This "certification is recognized as the exception rather than the norm" and "should neither be granted routinely" or "as an accommodation to counsel." *Id.* Rather, it is to "be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* (quoting *Morrison–Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981)). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Id.*

The Court follows a two-step process to certify a judgment as final pursuant to Rule 54(b). *See id.* (citing *Curtis–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7–8 (1980)). "First, the district court must determine whether the judgment is final. The Court in *Curtis–Wright* stated that a judgment 'must be final in the sense that it is an ultimate disposition of an individual claim

entered in the course of a multiple claims action.'" *Id.* (quoting *Curtis–Wright*, 446 U.S. at 7 (internal quotation marks omitted)). Here, it is undisputed that "the judgment entered against Plaintiff Dickinson (ECF No. 44) is an ultimate disposition of Plaintiff Dickinson's asserted claim to attorneys' fees." Def.'s Opp'n 5; *see* Pl.'s Mem. 5.

> Second, the district court must determine whether there is no just reason for the delay in the entry of judgment. *Curtis–Wright,* 446 U.S. at 8, 100 S.Ct. at 1465. This inquiry, "tilted from the start against fragmentation of appeals, is necessarily case-specific." *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 43 (1st Cir.1988); *see also Curtis–Wright,* 446 U.S. at 10–11, 100 S.Ct. at 1466–67 ("because the number of possible [Rule 54(b)] situations is large, we are reluctant either to fix or sanction narrow guidelines for district courts to follow"). In determining whether there is no just reason for delay in the entry of judgment, factors the district court should consider, if applicable, include:
>
>> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
>
> *Allis–Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d [360,] 364 [(3d Cir. 1975)](footnotes omitted); *see also Curtis–Wright,* 446 U.S. at 8, 100 S.Ct. at 1465 ("whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals") (footnote omitted).

*Braswell*, 2 F.3d at 1335–36.

In this case, Dickinson contends that there is no just reason for delay since his claim for attorneys' fees is separate and independent from the state law claims of Clark, Morrison, and Koslow that remain at issue. Pl.'s Mot. 2. According to Dickinson, "judicial efficiency and economy support the entry of final judgment," because "[a]bsent certification, Mr. Dickinson

would have to wait until the final resolution of Messrs. Clark, Morrison, and Koslow's claim" to "proceed to the ultimate conclusion of [his] dispute.'" *Id.* at 6 (citation omitted). He insists that he does not need to show undue hardship to prevail on his motion. *Id.* at 4.

Crabs on Deck contends that "Dickinson has failed to carry his burden to demonstrate that certification is warranted under the circumstances." Def.'s Opp'n 11. In its view, Dickinson had to—but did not—demonstrate that his "pressing needs . . . for an early and separate judgment" outweighed "the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket." *Id.* at 7 (quoting *Braswell*, 2 F.3d at 1335). Defendant argues that "the timing of any payment of attorneys' fees to counsel is not a legitimate consideration for the Court in its Rule 54(b) analysis." *Id.* at 1; *see also id.* at 7–8, 10–11 (citing *Williams v. Cty. of Dakota*, 687 F.3d 1064, 1067 (8th Cir. 2012), in which the Eighth Circuit concluded that there was no "authority to support the contention that a delay in the payment of attorney's fees rises to the level of a hardship or injustice that is properly alleviated by interlocutory appeal").

Dickinson counters that "demonstrating undue hardship is not required," insisting that it was Crabs on Deck's argument that was deficient because Defendant did not "demonstrate any just reason for delaying the resolution of Mr. Dickinson's claim." Pl.'s Reply 2, 3. Yet, Crabs on Deck did provide a reason, when it argued that Rule 54(b) certification "would only serve to increase the costs of this litigation for Defendant and force Defendant to unnecessarily expend resources to combat against an appeal for payment of additional attorneys' fees, which is highly unlikely to succeed." Def.'s Opp'n 11–12. Moreover, the default is that no judgment can be appealed until after entry of the final judgment, *see* 28 U.S.C. § 1291, so Crabs on Deck has no obligation to show otherwise. It is Dickinson as the party seeking a Rule 54(b) certification who

4

bears the burden of showing that this case presents circumstances that warrant an exception to that rule. *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).

Dickinson cannot meet this burden simply by asserting that he will "have to wait" to file his appeal. Although the claims are undisputedly unrelated, separating them at this juncture could require Crabs on Deck to participate in and incur costs and attorneys' fees for two appeals, when it only was sued once and therefore only should face on appeal. Under the circumstances, Dickinson has failed to establish that this is "the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *See Braswell*, 2 F.3d at 1335. Therefore, he has not met his burden. *See id.* Accordingly, Dickinson's Motion for Issuance of Final Judgment, ECF No. 53, is DENIED.

Date: <u>April 30, 2019</u>                                          <u>        /S/             </u>
                                                                     Paul W. Grimm
                                                                     United States District Judge

Km/lyb